## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

FACTOR 2 MULTIMEDIA SYSTEMS,
LLC,

Plaintiff,

v.

REGIONS FINANCIAL CORPORATION

Defendant.

CIVIL ACTION NO. 24-cv-398

Jury Trial Demanded

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Factor2 Multimedia Systems, LLC ("Factor2" or "Plaintiff"), by and

through its undersigned counsel, alleges as follows for its Complaint against Defendant Regions

Financial Corporation ("Regions" or "Defendant").

### THE NATURE OF THIS ACTION

2.      Factor2 brings this action against Regions pursuant to 35 U.S.C. § 101 et.  seq.

and §§ 271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of the

following six patents, U.S. Patent Nos.:

> 8,281,129 "Direct Authentication System and Method Via Trusted Authenticators,"
> 9,703,938 "Direct Authentication System and Method Via Trusted Authenticators,"
> 9,727,864 "Centralized Identification and Authentication System and Method,"
> 9,870,453 "Direct Authentication System and Method Via Trusted Authenticators,"
> 10,083,285 "Direct Authentication System and Method Via Trusted Authenticators" and
> 10,769,297 "Centralized Identification and Authentication System and Method."

Collectively the "Patents-in-Suit." Defendant has infringed the Patents-in-Suit, thereby

necessitating this lawsuit.

3.      Defendant makes, uses, develops, offers to sell, and sells and charge access to the accused Regions Apparatus throughout the United States.  The Regions Apparatus includes authentication that directly infringes the system and method claims of the Patents-in-Suit.  The Regions Apparatus includes a system that includes all of the elements of the system and apparatus claims and that performs all of the method claims, and or utilizes a separate system for authentication that includes all of the elements of the system and apparatus claims and that performs all of the method claims.  Defendant's "use" of a built in or separate system directly infringes the claims of the Patents-in-Suit.  Defendant's inducement of others to authenticate using a system and/or method that infringes the claims of the Patents-in-Suit indirectly infringes the claims of the Patents-in -Suit.  Defendant's contribution of elements of the infringing system indirectly infringes by contributing to infringement.

## THE PARTIES

4.      Plaintiff is a Virginia corporation having an address located at 5802 Orchard Hill Ln, Clifton, VA 20124-1061.  Plaintiff is the owner of the Patents-in-Suit by assignment.

5.      Defendant Regions is a Delaware Corporation with headquarters at 1900 5th Ave N., Birmingham, Alabama 35203 and physical places of business in this judicial district.  Regions makes, uses, develops, offers to sell, and sells the accused products and systems and sells access to the accused products and profits from its use of the accused products through advertisement revenue and the like, throughout the United States.  Regions designs and provides distribution of the Regions Apparatus and systems.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 271 et seq.

2

7.     This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§ 271, 281 and 28 U.S.C. §§ 1331 and 1338(a), federal question.

8.     This Court has personal jurisdiction over Defendant Regions because Regions has a regular and established place of business in this district at 100 E Feguson St., Tyler, TX 75702, among multiple other locations in this district.

9.     Venue is proper in this District for Defendant Regions pursuant to 28 U.S.C. §§ 1400(a), 1400(b) and because Defendant Regions maintains a regular and established place of business in this District and has committed acts of infringement, including, development, support, use, sale, and offers to sell infringing products.

## BACKGROUND AND GENERAL ALLEGATIONS

10.    Factor2 is the current assignee of the Patents-in-Suit

11.    Defendant provides and sells access to the Regions Apparatus.

12.    The Regions Apparatus uses a system and method for authentication that infringes claims of each of the Patents-in-Suit.

## THE PATENTS-IN-SUIT

13.    On October 2, 2012, United States Patent No. 8,281,129 ("the '129 Patent") titled "Direct Authentication System And Method Via Trusted Authenticators," was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '129 Patent claims patent-eligible subject matter and is valid and enforceable.  Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '129 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '129 Patent.  Defendant is not licensed to the '129 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '129 Patent whatsoever.  A true and correct copy of the '129 Patent is attached hereto as **Exhibit A**.

14.     On July 11, 2017, United States Patent No. 9,703,938 ("the '938 Patent") titled "Direct Authentication System And Method Via Trusted Authenticators" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '938 Patent claims patent-eligible subject matter and is valid and enforceable.  Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '938 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '938 Patent.  Defendant is not licensed to the '938 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '938 Patent whatsoever.  A true and correct copy of the '938 Patent is attached hereto as **Exhibit B**.

15.     On July 19, 2017, United States Patent No. 9,727,864 ("the '864 Patent") titled "Centralized Identification and Authentication System and Method" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '864 Patent claims patent-eligible subject matter and is valid and enforceable.  Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '864 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '864 Patent.  Defendant is not licensed to the '864 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '864 Patent whatsoever.  A true and correct copy of the '864 Patent is attached hereto as **Exhibit C**.

16.     On December 27, 2017, United States Patent No. 9,870,453 ("the '453 Patent") titled "Direct Authentication System and Method Via Trusted Authenticators," was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '453 Patent claims patent-eligible subject matter and is valid and enforceable.  Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '453 Patent, including the right to bring this

4

suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '453 Patent.  Defendant is not licensed to the '453 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '453 Patent whatsoever.  A trued and correct copy of the '453 Patent is attached hereto as **Exhibit D**.

17.     On September 5, 2018, United States Patent No. 10,083,285 ("the '285 Patent") titled "Direct Authentication System and Method Via Trusted Authenticators," was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '285 Patent claims patent-eligible subject matter and is valid and enforceable.  Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '285 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '285 Patent.  Defendant is not licensed to the '285 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '285 Patent whatsoever.  A true and correct copy of the '285 Patent is attached hereto as **Exhibit E**.

18.     On August 19, 2020, United States Patent No. 10,769,297 ("the '297 Patent") titled "Centralized Identification and Authentication System and Method." was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '297 Patent claims patent-eligible subject matter and is valid and enforceable.  Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '297 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '297 Patent.  Defendant is not licensed to the '297 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '297 Patent whatsoever.  A true and correct copy of the '297 Patent is attached hereto as **Exhibit F**.

19.     Each of the Patents-in-Suit is a member of the same patent family.

20.     The claims of the '297 Patent are representative of the family of patents and are directed to "[a]n authentication system for enhancing computer network security."  Claim 1 of the '297 Patent recites:

Claim 1.    An authentication system for enhancing computer network security by authenticating a user in an electronic communication between a computing device of the user and an online computer system, the authentication system comprising one or more computing devices configured to perform operations comprising:

while the online computer system is connected to the computing device of the user via a communication network, electronically receiving a request for a SecureCode;

generating the SecureCode;

while the online computer system is connected to the computing device of the user via the communication network, electronically providing to the user the SecureCode in response to the request for the SecureCode, wherein:

the SecureCode is invalid after a predetermined time passes,

the SecureCode is invalid after one use of the SecureCode for authentication, and

the SecureCode is only valid for authenticating the user; and

while the online computer system is connected to the computing device of the user via the communication network, electronically receiving from the online computer system a digital authentication request for authenticating the user, wherein:

the digital authentication request comprises a digital identity of the user, and

the digital identity includes the SecureCode; and

while the online computer system is connected to the computing device of the user via the communication network, authenticating the user by evaluating a validity of the SecureCode included in the digital authentication request.

21.     Method claims of the '129 Patent are also representative of the method claims of the Patents-in-suit.  Claim 1 of the '129 Patent recites:

Claim 1 A computer implemented method to authenticate an individual in communication with an entity over a communication network during a communication between the entity and the individual, the computer implemented method comprising:

receiving electronically a request for a dynamic code for the individual, which request is received from the individual by a trusted-authenticators computer during an authentication of the individual by the entity:

calculating by the trusted-authenticators computer the dynamic code for the individual in response to the request during the authentication of the individual by the entity, wherein the dynamic code is valid for a predefined time and becomes invalid after being used;

sending by the trusted-authenticator's computer electronically the dynamic code to the individual during the authentication of the individual by the entity:

receiving by the trusted-authenticator's computer electronically an authentication request from the entity to authenticate the individual based on a user information and

6

the dynamic code included in the authentication request, wherein the entity receives the user information and the dynamic code from the individual; and

authenticating by the trusted-authenticator's computer an identity of the individual based on the user information and the dynamic code included in the authentication request, wherein the result of the authentication is provided to the entity.

## INFRINGEMENT

22.     Defendant makes and provides the Regions System and Apparatus, (the Accused Product) which as referenced herein includes at least the internet website of the Regions Apparatus (www.regions.com), but also the back end systems and backbone which provides access and functionality to Regions and distributes content and authenticates users on Regions systems, the Accused Product infringes at least one claim of each of the Patents-in-Suit.

23.     Defendant has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the patents-in-suit, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

24.     Defendant also indirectly infringes the patents-in-suit by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Defendant has knowingly and intentionally actively induced others to directly infringe at least one claim of the patents-in-suit by providing software through which its customers practice the claimed methods and by providing infringing systems used by its customers, including Regions users throughout the United States.  Defendant continues to induce infringement of the patents-in-suit.

25.     Defendant has contributorily infringed and continues to contributorily infringe under 35 U.S.C. § 271(c) because, with knowledge of the patents-in-suit, they supply a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use.  Defendant contributes to its customers' infringement because, with knowledge of the patents-in-suit, Defendant supplies the

technology that allows its customers to infringe the patent, including allowing Defendant's customers to practice the method claims.

26.     Plaintiff has conducted a detailed analysis, establishing and confirming, on information and belief, that Defendant's Accused Products directly infringe, contribute to, and induce infringement and when used according to Defendant's instructions for operation, indirectly infringe claims of the Patents-in-Suit.

27.     The Regions Apparatus and/or method of operating the Regions Apparatus satisfies the elements of at least one claim of each of the asserted patents.

28.     For example, attached as **Exhibit G** to the Complaint is an exemplary claim chart demonstrating the correspondence of the operation of the Regions Apparatus with elements of claim 1 of the '297 Patent.  The correspondence of each claim element of claim 1 of the '297 Patent to the Regions Apparatus is further described below, with the Regions operation shown in italics.

29.     On information and belief, the Regions Apparatus satisfies claim element [1a] of the '297 Patent as follows:

> **"[1a]**   An authentication system for enhancing computer network security by authenticating a user in an electronic communication between a computing device of the user and an online computer system, the authentication system comprising one or more computing devices configured to perform operations comprising:"
>
> *Regions is a financial institution that provides services through a web site which users can log into. Users can create accounts to access Regions services. The initial sign-in page is shown below.*



30.     On information and belief, the Regions Apparatus satisfies claim element [1b] of

the '297 Patent as follows:

**"[1b]** while the online computer system is connected to the computing device of
the user via a communication network, electronically receiving a request for a
SecureCode;"

*When attempting to sign in with two-factor (or multi-factor) authentication,
Regions gives the option to send a code via SMS (text) to the user. This changes the
login process such that the Regions online computer system will require a
SecureCode, referred to by Regions as the "one-time code" to successfully
authenticate the user. After clicking the "Login" button shown above, the Regions
online computer system receives a request for a SecureCode, generates the
SecureCode, and sends it to the user electronically via text, email, or other method
for communications of the SecureCode. The user is then prompted to enter that
secure code.  Instructions relating to this process are provided by Regions on the
Regions website, as shown below.*



31.     On information and belief, the Regions Apparatus satisfies claim element [1c] of the '297 Patent as follows:

**"[1c]** generating the Secure code;"

*The Regions online computer system generates a SecureCode, referred to by Regions as the "One-Time Code."*



32.     On information and belief, the Regions Apparatus satisfies claim element [1d] of

the '297 Patent as follows:

> **"[1d]** while the online computer system is connected to the computing device of the user via the communication network, electronically providing to the user the SecureCode in response to the request for the SecureCode, wherein:"

> *The Regions online computer system sends the SecureCode to the user after the user initiates the login process.*

33.     On information and belief, the Regions Apparatus satisfies claim element [1e] of

the '297 Patent as follows:

> **"[1e]** the SecureCode is invalid after a predetermined time passes,"

> *The Regions website rejects the SecureCode if the SecureCode is not used within a predetermined time.  As shown below, Regions advises users that the SecureCode (one-time code) will "only be active for a short period of time." Upon submitting the code after the period of time has elapsed, the user will be prompted with an error message indicating that the SecureCode is not valid for authenticating the user.*



34.     On information and belief, the Regions Apparatus satisfies claim element [1f] of the '297 Patent as follows:

> **"[1f]** the SecureCode is invalid after one use of the SecureCode for authentication, and"

> *As indicated by the name "one-time code," the SecureCode is valid for only one use.  If the user attempts to login with the a code that has already been used, the user will be prompted with an error message indicating that the SecureCode is not valid for authenticating the user.*

35.     On information and belief, the Regions Apparatus satisfies claim element [1g] of the '297 Patent as follows:

> "**[1g]** the SecureCode is only valid for authenticating the user; and

> *The SecureCode is generated for the particular user attempting to login; using a SecureCode for a different user does not result in a successful login attempt."*

36.     On information and belief, the Regions Apparatus satisfies claim element [1h] of the '297 Patent as follows:

"[1h] while the online computer system is connected to the computing device of the user via the communication network, electronically receiving from the online computer system a digital authentication request for authenticating the user, wherein:"

*Regions provides an authentication system which receives a digital identity of the user, including the user's username and the SecureCode.*



37.     On information and belief, the Regions Apparatus satisfies claim element [1i] of the '297 Patent as follows:

"[1i] the digital authentication request comprises a digital identity of the user, andthe digital identity includes the SecureCode; and"

*The request sent to Regions' authentication system includes the user's username, as shown below.  The username is part of the user's digital identity.*



38.     On information and belief, the Regions Apparatus satisfies claim element [1j] of the '297 Patent as follows:

"**[1j]** the digital identity includes the SecureCode; and"

*The SecureCode is sent to the Regions authentication system along with the username as part of the digital identify associated with the user.*



39.     On information and belief, the Regions Apparatus satisfies claim element [1j] of

the '297 Patent as follows:

"**[1k]** while the online computer system is connected to the computing device of the user via the communication network, authenticating the user by evaluating a validity of the SecureCode included in the digital authentication request."

*After the Regions authentication system receives the digital identity of the user, including the username and the SecureCode, if the SecureCode validates that particular username, then the Regions authentication system validates the login and allows the user to login to the Regions application.*



40.     Upon information and belief, Defendant has directly infringed one or more of the

claims of the Patents-in-Suit under 35 USC 271(a):

*(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

by engaging in accused activity including making, using, distributing, offering to sell, selling and

importing accused products in the United States.

41.     Upon information and belief, Defendant has indirectly infringed one or more of the claims of the Patents-in-suit under 35 USC § 271(b):

*(b) Whoever actively induces infringement of a patent shall be liable as an infringer.* by providing accused products, with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

42.     Upon information and belief, Defendant has indirectly infringed one or more of the claims of the patents-in suit under 35 USC § 271(c):

*(c) Whoever offers to sell or sells within the United States or imports into the United States… or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.*

by providing accused products, and other components and supplies, which are combined to form an infringing system and/which infringe the claims of the patents-in-suit, Defendant contributes to the infringement of the patents-in-suit.

43.     Defendant's infringement has been willful since at least as early as they became aware of the Patents-in-Suit.

44.     Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations.

45.     As a result of Defendant's infringement of the Patents-in-Suit, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,281,129

46.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

47.     Defendant Regions has infringed, at least claims 1-52 of the '129 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

48.     Neither Defendant Regions nor its customers have a license or authority to use the '129 Patent.

49.     As a result of Defendant Regions' infringement of the '129 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

50.     Regions' infringement of the '129 patent has been willful under 35 U.S.C. § 284.

## COUNT II
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 8,281,129

51.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

52.     Defendant Regions has indirectly infringed claims 1-52 of the '129 patent under 35 USC § 271(b) by inducing others to perform the method and use the system claimed in the '129 patent which infringes the claims of the '129 Patent, thus inducing the infringement of the '129 patent by others.

53.     Neither Defendant Regions nor its customers have a license or authority to use the '129 Patent.

54.     As a result of Defendant Regions' infringement of the '129 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

55.     Regions' infringement of the '129 patent has been willful under 35 U.S.C. § 284.

## COUNT III
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 8,281,129

56.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

57.     Defendant Regions has indirectly infringed claims 1-52 of the '129 patent under 35 USC § 271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '129 patent, thus contributing to the infringement of the '129 patent.

58.     Neither Defendant Regions nor its customers have a license or authority to use the '129 Patent.

59.     As a result of Defendant Regions' infringement of the '129 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

60.     Regions' infringement of the '129 patent has been willful under 35 U.S.C. § 284.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,703,938

61.     The allegations of each of the paragraphs above are hereby re -alleged and incorporated herein by reference.

62.     Defendant Regions has infringed, at least claims 1-26 of the '938 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

63.     Neither Defendant Regions nor its customers have a license or authority to use the '938 Patent.

64.     As a result of Defendant Regions' infringement of the '938 Patent, Plaintiff has suffered suffer damages in an amount not yet determined, of at least a reasonable royalty.

65.     Regions' infringement of the '938 Patent has been willful under 35 U.S.C. § 284.

## COUNT V
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 9,703,938

66.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

67.     Defendant Regions has indirectly infringed claims 1-26 of the '938 patent under 35 USC § 271(b) by inducing others to perform the method and use the system claimed in the '938 patent which infringes the claims of the '938 patent, thus inducing infringement of the '938 patent by others.

68.     Neither Defendant Regions nor its customers have a license or authority to use the '938 Patent.

69.     As a result of Defendant Regions' infringement of the '938 Patent, Plaintiff has suffered suffer damages in an amount not yet determined, of at least a reasonable royalty.

70.     Regions' infringement of the '938 Patent has been willful under 35 U.S.C. § 284.

## COUNT VI
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 9,703,938

71.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

72.     Defendant Regions has indirectly infringed claims 1-26 of the '938 Patent under 35 USC § 271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '938 Patent, thus contributing to the infringement of the '938 Patent.

73.     Neither Defendant Regions nor its customers have a license or authority to use the '938 Patent.

74.     As a result of Defendant Regions' infringement of the '938 Patent, Plaintiff has suffered suffer damages in an amount not yet determined, of at least a reasonable royalty.

75.     Regions' infringement of the '938 Patent has been willful under 35 U.S.C. § 284.

## COUNT VII
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,727,864

76.     The allegations of each of the paragraphs above are hereby re -alleged and incorporated herein by reference.

77.     Defendant Regions has infringed, at least claims 1-15 of the '864 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

78.     Neither Defendant Regions nor its customers have a license or authority to use the '864 Patent.

79.     As a result of Defendant Regions' infringement of the '864 Patent, Plaintiff has suffered suffer damages in an amount not yet determined, of at least a reasonable royalty.

80.     Regions' infringement of the '864 Patent has been willful under 35 U.S.C. § 284.

## COUNT VIII
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 9,727,864

81.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

82.     Defendant Regions has indirectly infringed claims 1-15 of the '864 patent under 35 USC § 271(b) by inducing others to perform the method and use the system claimed in the '864 patent which infringes the claims of the '938 patent, thus inducing infringement of the '864 patent by others.

83.     Neither Defendant Regions nor its customers have a license or authority to use the '864 Patent.

84.     As a result of Defendant Regions' infringement of the '864 Patent, Plaintiff has suffered suffer damages in an amount not yet determined, of at least a reasonable royalty.

85.      Regions' infringement of the '864 Patent has been willful under 35 U.S.C. § 284.

## COUNT IX
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 9,727,864

86.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

87.     Defendant Regions has indirectly infringed claims 1-15 of the '864 Patent under 35 USC § 271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '864 Patent, thus contributing to the infringement of the '864 Patent.

88.     Neither Defendant Regions nor its customers have a license or authority to use the '864 Patent.

89.     As a result of Defendant Regions' infringement of the '864 Patent, Plaintiff has suffered suffer damages in an amount not yet determined, of at least a reasonable royalty.

90.     Regions' infringement of the '864 Patent has been willful under 35 U.S.C. § 284.

## COUNT X
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,870,453

91.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

92.     Defendant Regions has infringed, at least claims 1-26 of the '453 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

93.     Neither Defendant Regions nor its customers have a license or authority to use the '453 Patent.

94.     As a result of Defendant Regions' infringement of the '453 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

95.     Regions' infringement of the '453 Patent has been willful under 35 U.S.C. § 284.

## COUNT XI
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 9,870,453

96.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

97.     Defendant Regions has indirectly infringed claims 1-26 of the '453 Patent under 35 USC § 271(b) by inducing others to perform the method and use the system claimed in the '453 Patent which infringes the claims of the '453 Patent, thus inducing infringement of the '453 Patent by others.

98.     Neither Defendant Regions nor its customers have a license or authority to use the '453 Patent.

99.     As a result of Defendant Regions' infringement of the '453 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

100.    Regions' infringement of the '453 Patent has been willful under 35 U.S.C. § 284.

## COUNT XII
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 9,870,453

101.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

102.    Defendant Regions has indirectly infringed claims 1-26 of the '453 Patent under 35 USC § 271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '453 Patent, thus contributing to the infringement of the '453 Patent.

103.    Neither Defendant Regions nor its customers have a license or authority to use the '453 Patent.

104.    As a result of Defendant Regions' infringement of the '453 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

105.    Regions' infringement of the '453 Patent has been willful under 35 U.S.C. § 284.

**COUNT XIII**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,083,285**

106.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

107.    Defendant Regions has infringed, at least claims 1-30 of the '285 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

108.    Neither Defendant Regions nor its customers have a license or authority to use the '285 Patent.

109.    As a result of Defendant Regions' infringement of the '285 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

110.    Regions' infringement of the '285 Patent has been willful under 35 U.S.C. § 284.

**COUNT XIV**
**INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,083,285**

111.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

112.    Defendant Regions has indirectly infringed claims 1-30 of the '285 Patent under 35 USC § 271(b) by inducing others to perform the method and use the system claimed in the '285 Patent which infringes the claims of the '285 Patent, thus inducing the infringement of the '285 Patent by others.

113.    Neither Defendant Regions nor its customers have a license or authority to use the '285 Patent.

114.    As a result of Defendant Regions' infringement of the '285 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

115.    Regions' infringement of the '285 Patent has been willful under 35 U.S.C. § 284.

**COUNT XV**
**INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 10,083,285**

116.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

117.    Defendant Regions has indirectly infringed claims 1-30 of the '285 Patent under 35 USC § 271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '285 Patent, thus contributing to the infringement of the '285 Patent.

118.    Neither Defendant Regions nor its customers have a license or authority to use the '285 Patent.

119.    As a result of Defendant Regions' infringement of the '285 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

120.    Regions' infringement of the '285 Patent has been willful under 35 U.S.C. § 284.

**COUNT XVI**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,769,297**

121.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

122.    Defendant Regions has infringed, at least claims 1-29 of the '297 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

123.    Neither Defendant Regions nor its customers have a license or authority to use the '297 Patent.

124.    As a result of Defendant Regions' infringement of the '297 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

125.     Regions' infringement of the '297 Patent has been willful under 35 U.S.C. § 284.

## COUNT XVII
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,769,297

126.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

127.     Defendant Regions has indirectly infringed claims 1-29 of the '297 Patent under 35 USC § 271(b) by inducing others to perform the method and use the system claimed in the '297 Patent which infringes the claims of the '297 Patent, thus inducing the infringement of the '297 Patent by others.

128.     Neither Defendant Regions nor its customers have a license or authority to use the '297 Patent.

129.     As a result of Defendant Regions' infringement of the '297 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

130.     Regions' infringement of the '297 Patent has been willful under 35 U.S.C. § 284.

## COUNT XVIII
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 10,769,297

131.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

132.     Defendant Regions has indirectly infringed claims 1-29 of the '297 Patent under 35 USC § 271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '297 Patent, thus contributing to the infringement of the '297 Patent.

133.     Neither Defendant Regions nor its customers have a license or authority to use the '297 Patent.

134.    As a result of Defendant Regions' infringement of the '297 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

135.    Regions' infringement of the '297 Patent has been willful under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

A.      For a judgement declaring that Defendant has infringed each of the Patents-in-Suit.

B.      For a judgment declaring that Defendant's infringement of the Patents-in-Suit has been willful and for enhancement of damages in accordance with 35 U.S.C. 284;

C.      For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the Patents-in-Suit in an amount to be determined;

D.      For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

E.      For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. § 284, and a further award of post judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

F.      For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. § 284; and

G.      For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Dated: May ___, 2024                    Respectfully submitted,

                                        /s/ Joseph J.  Zito
                                        Joseph J.  Zito
                                        DNL ZITO
                                        1250 Connecticut Ave., NW #700
                                        Washington, DC 20036
                                        202-466-3500
                                        jzito@dnlzito.com
                                        Attorneys for Plaintiff
                                        Factor2 Multimedia Systems, LLC